IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL F. RUIZ-ADORNO | * |
| Petitioner | * |
| v. | *   Civil No. 05-1680 (SEC) |
| UNITED STATES OF AMERICA | * |
| Respondent | * |

**OPINION AND ORDER**

Before the Court is Petitioner Angel F. Ruiz-Adorno's Motion to Vacate, Set Aside or Correct Criminal Sentence pursuant to 28 U.S.C.A. § 2255, (Docket # 1), and the Government's opposition thereto (Docket # 5). Petitioner also filed a reply (Docket # 8). After considering the parties' filings and the applicable law, Petitioner's motion is hereby **DENIED.**

The Petitioner alleges that his sentence violates Blakely v. Washington, 542 U.S. 296 (2004). He argues that his past conviction regarding a conspiracy to distribute drugs could not be considered by the sentencing court in increasing his offense level because it was "related" to the conspiracy he was pleading guilty, since it "overlapped for a short time, and involved some of the same players[; b]eing that the case, a conviction in one of either (sic) the related cases should have not been considered a past conviction, but rather relevant conduct, and petitioner's criminal history should not have been III but rather II." Docket # 1, p. 16. We will not address the merits of his contention since we find that his motion is time-barred.

Petitioner was sentenced on June 11, 1995. See, Docket # 1, p. 12. A motion to vacate sentence pursuant to 28 U.S.C.A. § 2255 must be filed within a year from the latest of

> "(1) the date on which the judgment of conviction becomes final, (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id.

Petitioner in this case failed to appeal his conviction. The Government argues that, since Petitioner did not file an appeal, his conviction and sentence became final on June 27, 1998, that is, 9 years ago.[1] Petitioner's reply does not dispute this fact. It merely attacks the Government's opposition in the merits and further argues that the statute of limitations for filing his motion did not start to accrue until Blakely was decided, to wit, March 23, 2004. Specifically, he contends that his motion is not time-barred as "it was not until Blakely... was decided that he re-examined the sentences imposed on him and discovered the error committed with regards to his criminal calculation." Docket # 1, p. 12. We disagree.

Blakely was merely an application of the principles set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000). See, Blakely, 542 U.S. at 301 (stating that "[t]his case requires us to apply the rule we expressed in Apprendi...: other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond reasonable doubt."). Furthermore, the Court of Appeals for the First Circuit has made it clear that Apprendi and its progeny do not apply retroactively to cases on collateral review. Sepúlveda v. U.S., 330 F. 3d 55 (1st Cir. 2003)(holding that Apprendi does not apply retroactively to cases upon collateral review); see also, Márquez v. U.S., 91 Fed. Appx. 162 (1st Cir. 2004)(unpublished)(same); see also, Cirilo-Muñoz v. U.S., 404 F. 3d 527 (1st Cir. 2005)(holding that having resolved that Apprendi does not apply retroactively, "resolves any comparable Blakely-like claim in this circuit.").

In light of the above, Petitioner's motion is **DENIED** and this case is **DISMISSED with prejudice.** Judgment is hereby entered accordingly.

---

[1] Fed. R. App. P. 4(b) provides that "[i]n a criminal case the notice of appeal by defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from."

**Civil No. 05-1680(SEC)**                                                                 3
_____

    **SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of July, 2007.

                                       S/ *Salvador E. Casellas*
                                       SALVADOR E. CASELLAS
                                       United States District Judge